IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA FRICKE, ) | |
| ) | |
| Plaintiff, ) | No.  15 C 3364 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| HEALTHCARE REVENUE RECOVERY ) | |
| GROUP, LLC d/b/a ARS Account Resolution ) | |
| Services, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rebecca Fricke brought this action against defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff should be judicially estopped from pursuing her FDCPA claims. For the reasons discussed below, defendant's motion is denied.

### BACKGROUND[1]

On January 13, 2015, plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. At the time of filing, plaintiff certified

---

[1] The following facts are taken primarily from plaintiff's complaint and are accepted as true for purposes of the instant motion. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). As defendant notes, however, this court may also take judicial notice of matters of public record when considering a 12(b)(6) motion. GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-81 (7th Cir. 1997). Accordingly, the court has looked to pleadings and orders filed in plaintiff's related bankruptcy case. See, e.g., id. at 1081 ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.") (internal quotations omitted).

that she did not have any "contingent and unliquidated claims." Despite her pending bankruptcy action, plaintiff alleges that in February 2015, defendant telephoned her in an attempt to collect a debt that defendant knew or should have known was included in her bankruptcy petition. Based on this call, plaintiff filed the instant action on April 16, 2015, alleging that defendant violated the FDCPA by attempting to collect a debt after she had filed for bankruptcy. Plaintiff seeks actual damages, statutory damages in the amount of $1,000, attorney's fees, and costs.

On April 29, 2015, following the commencement of this case, the bankruptcy judge approved plaintiff's Chapter 13 payment plan. On May 28, 2015, defendant moved to dismiss this case, arguing that plaintiff's failure to amend her bankruptcy property schedule to include the instant action prevents her from pursuing her claims against it in accordance with the doctrine of judicial estoppel. Days later on, June 1, 2015, plaintiff filed an amended property schedule in her bankruptcy case, identifying this action as part of her personal property. No further action has been taken in the bankruptcy proceeding at this time, and the bankruptcy case is still pending.

## DISCUSSION

**A.     Legal Standards**

Defendant asserts that plaintiff's complaint should be dismissed because it fails to state a claim upon which relief can be granted. Under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. Tamayo, 526 F.3d at 1081. "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise

a right to relief above the speculative level." Camasta v. Jos. A. Bank, Clothiers, Inc., 761 F.3d 732, 736 (7th Cir. 2014) (internal quotations omitted).

**B.     Analysis**

Defendant argues that because plaintiff attempted to conceal the instant action from the bankruptcy court, she should be barred from pursuing her claims pursuant to the doctrine of judicial estoppel. According to defendant, plaintiff's failure to "immediately" notify her bankruptcy attorney of her FDCPA claim violated her obligation to alert the bankruptcy court and her creditors of a legal interest. Although plaintiff amended her bankruptcy property schedule a few days after defendant filed its motion to dismiss (and less than two months after filing the instant complaint), defendant argues that the amendment was not timely, and thus does not preclude the application of judicial estoppel. Her willful concealment of this action, defendant asserts, was an attempt to "game the system" so that she could "enjoy[] the many protections afforded by Chapter 13."

Plaintiff argues that, unlike the plaintiffs in the cases cited by defendant, her FDCPA claim did not accrue until after filing her Chapter 13 bankruptcy petition. According to plaintiff, her voluntary bankruptcy petition requires that she "timely" notify her bankruptcy attorney only of a new lawsuit and that under Federal Rule of Bankruptcy Procedure 1009.1(a) a "voluntary petition, list, schedule, or statement may be amended at any time before the case is closed." Because her bankruptcy case is still pending and she amended her petition "a mere 3 months after the cause of action arose," plaintiff argues that the amended property schedule was timely

and appropriate. For these reasons, plaintiff contends that judicially estopping her from proceeding in the instant case would be inequitable.[2] The court agrees.

"Judicial estoppel is an equitable doctrine that 'prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding.'" Esparza v. Costco Wholesale Corp., No. 10-CV-5406, 2011 WL 6820022, at *4 (N.D. Ill. Dec. 28, 2011) (quoting Johnson v. ExxonMobile Corp., 426 F.3d 887, 891 (7th Cir. 2005)). It ensures "that a party who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground." United States v. Christian, 342 F.3d 744, 747 (7th Cir. 2003).

"Under Section 541 of the Bankruptcy Code, a bankruptcy estate is comprised of property including 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" Mayes v. Walgreen Co., No. 08-CV-5105, 2009 WL 1312957, at *2 (N.D. Ill. May 11, 2009) (quoting 11 U.S.C. § 541(a)). Although plaintiff's FDCPA cause of action had not yet accrued at the time she filed for bankruptcy in January 2015, the bankruptcy code imposes a continuing duty on her to disclose to the bankruptcy court all property, including legal claims, acquired after the petition is filed, but before the case is closed. 11 U.S.C. § 1306(a)(1); see also 11 U.S.C. § 541(a)(7). A debtor who fails to disclose a pending legal claim (i.e. an asset) to the bankruptcy court may be estopped from pursuing that claim. Cannon-Stokes v. Potter, 453 F.3d 446 (7th Cir. 2006). This prevents a plaintiff from benefitting from the discharge or restructuring of her debts while still preserving potentially lucrative claims. Mayes, 2009 WL 1312957 at *3. Stated another way, judicial estoppel prevents debtors from

---

[2] Plaintiff also argues that based on an Illinois "wildcard exemption," she had no motive to conceal the present action from the bankruptcy court. The court, however, need not reach this argument.

4

"gam[ing] the bankruptcy system." Williams v. Hainje, 375 F. App'x 625, 628 (7th Cir. 2010). Judicial estoppel, however, "is a flexible equitable doctrine." Grochocinski v. Mayer Brown Rowe & Maw, LLP, 719 F.3d 785, 795 (7th Cir. 2013); see also Ajaka v. Brooksamerica Mortg. Corp., 453 F.3d 1339, 1344 (11th Cir. 2006) ("Judicial estoppel is intended to be a flexible rule in which courts must take into account all of the circumstances of each case in making [a] determination.") (internal quotations omitted).

Three factors "typically inform the decision whether to apply the doctrine in a particular case": (1) the later position is clearly inconsistent with the earlier position; (2) the party to be estopped has succeeded in persuading the first court to accept its earlier position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled;" and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." In re Knight-Celotex, LLC, 695 F.3d 714, 721-22 (7th Cir. 2012) (internal quotations omitted). The court concludes that none of these three factors are present here.

Defendant cites several cases in support of its contention that plaintiff cannot pursue her FDCPA claim after failing to "immediately" disclose it to the bankruptcy court once it arose. However, most of these cases are easily distinguished from the present case because they involve instances in which the plaintiffs failed to disclose claims that had already accrued at the time they petitioned for bankruptcy. See Esparza, 2011 WL 6820022 (invoking judicial estoppel where a plaintiff filed an employment claim with the Illinois Department of Human Rights in 2008 and was issued a right-to-sue letter by the Equal Employment Opportunity Commission

("EEOC") in May 2010, but did not disclose the pending claim when she filed for Chapter 13 bankruptcy in June 2010); Viette v. Hospitality Staffing Inc., No. 12-C-2327, 2013 WL 2450101 (N.D. Ill. June 5, 2013) (invoking judicial estoppel where a plaintiff filed a claim for employment discrimination with the Illinois Department of Human Rights and the EEOC in December 2010, but did not disclose that claim when filing for Chapter 7 bankruptcy in May 2011); Cannon-Stokes, 453 F.3d 446 (plaintiff filed for Chapter 7 bankruptcy while pursuing administrative claim against U.S. Postal Service for violating the Rehabilitation Act); Williams, 375 Fed. Appx. 625 (plaintiff was attacked by police dog before filing Chapter 13 bankruptcy petition); Bland v. Rahar, No. 06-3072, 2008 WL 109388 (C.D. Ill. Jan. 9, 2008) (plaintiff's claim accrued after being injured in an arrest more than a year before filing Chapter 7 bankruptcy petition); Wiggins v. Citizens Gas & Coke Util., No. 1:03-cv-1882, 2008 WL 4530679 (S.D. Ind. Oct. 7, 2008) (plaintiff filed charge with EEOC approximately two months before filing Chapter 7 bankruptcy petition). Because the plaintiffs in these cases had legal claims at the time they filed for bankruptcy, their non-disclosure amounted to concealing an asset. Conversely, plaintiff did not have a legal claim at the time she filed for bankruptcy, and therefore did not conceal anything in her initial petition for bankruptcy.

Recognizing that the present circumstances are different than those in the cases discussed above, defendant argues that "it is irrelevant that Plaintiff's FDCPA cause of action arose after she filed a Chapter 13 bankruptcy petition." Defendant, however, again relies on cases that involve different facts than those before this court. To begin with, Jethroe v. Omnova Solutions, Inc., 412 F.3d 598 (5th Cir. 2005), is another case in which the plaintiff's claim arose prior to her

filing for bankruptcy, and therefore does not support defendant's position. Jethroe, 412 F.3d at 599 ("While pursuing her title VII claim, Jethroe filed a chapter 13 bankruptcy petition . . . .").

As is the case here, Davis v. Mitsubishi Motors of N. America, No. 09-1255, 2011 WL 4056072 (C.D. Ill. Sept. 8, 2011), and Davis v. Village of Caseyville, No. 05-CV-0455-DRH, 2007 WL 551584 (S.D. Ill. Feb. 20, 2007), involve instances where the plaintiffs' claims accrued after they had filed for bankruptcy. Nonetheless, these two cases are distinguishable from the instant case because both courts relied on the holding in Cannon-Stokes that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset *after the bankruptcy ends*," to find that judicial estoppel was appropriate. Cannon-Stokes, 453 F.3d at 448 (emphasis added). Unlike here, the Caseyville and Mitsubishi plaintiffs acquired legal claims during the pendency of their bankruptcies but failed to amend their property schedules to include those assets *prior to the end of their bankruptcy proceedings*. Caseyville, 2007 WL 551584 at *2-3; Mitsubishi, 2011 WL 4056072 at *3 ("Davis made no effort to cure the failure by filing an amended schedule with the bankruptcy court or seek reopening of his Chapter 13 proceedings in order to disclose the potential asset."). By not disclosing their legal claims until after the bankruptcy proceedings had concluded, these plaintiffs took a position in bankruptcy court that was inconsistent with their later claims, were successful at convincing the bankruptcy courts to adopt that position, and tried to derive an unfair advantage by later pursuing the inconsistent positions.

Similarly, the cases defendant relies on to argue that it is inapposite that plaintiff has now amended her bankruptcy payment schedule all involve cases in which the plaintiffs sought to amend their financial statements to include legal claims only after their bankruptcy proceedings

7

had closed. For example, despite her discrimination claim accruing in 2007, the plaintiff in Esparza failed to alert the bankruptcy court of her lawsuit until June 2011, more than three months after bankruptcy proceedings were closed. 2011 WL 6820022 at *1-2 ("judicial estoppel should be applied despite subsequent attempts to reopen bankruptcy proceedings"). See also Bland, 2008 WL 109388 at *1-2 (plaintiff attempted to reopen bankruptcy estate to amend his schedules to include a pre-petition lawsuit); Viette, 2013 WL 2450101 at *2 (plaintiff sought to reopen bankruptcy case more than a year after it closed in order to amend his schedule to include a pre-petition lawsuit).

Unlike the cases discussed above, plaintiff did not have a FDCPA claim when she filed for bankruptcy. She disclosed the claim within four months of it accruing, and her bankruptcy proceedings remain open. Accordingly, plaintiff has not taken an affirmative position in the bankruptcy court that is inconsistent with any position she takes here. Nor have plaintiff's actions created a perception that either this court or the bankruptcy court has been misled. Since plaintiff's bankruptcy remains open, the bankruptcy court is free to alter her payment plan based on the instant FDCPA claim.

While plaintiff may have received a number of benefits from her bankruptcy, such as an automatic stay pursuant to 11 U.S.C. § 362, a mere four months lapsed between the time her claim accrued and when she amended her property schedule. Defendant, however, argues that the benefits accrued during this short amount of time are sufficient to apply judicial estoppel. The court disagrees. Because plaintiff did not have a legal claim at the time she petitioned for bankruptcy, unlike many of the cases defendant relies on, the automatic stay, holding her creditors at bay and allowing her to keep some of her assets during the bankruptcy proceedings,

was properly obtained upon the filing of her initial petition. Contra Hainje, 375 Fed. Appx. at 627 (plaintiff enjoyed 20 months of bankruptcy protections after failing to include a pre-petition legal claim in bankruptcy filings). Moreover, it is unlikely that plaintiff's FDCPA claim for $1,000 statutory damages and whatever amount of actual damages she can prove from a single phone call would have substantially altered the payment plan confirmed by the bankruptcy court in April 2015. This stands in stark contrast to the cases discussed above in which the plaintiffs accrued claims potentially worth tens of thousands of dollars during the pendency of their bankruptcies. Caseyville, 2007 WL 551584 at *1 (plaintiff sought damages in excess of $75,000); Mitsubishi, 2011 WL 4056072 at *1 (plaintiff received an offer of judgment for $60,000 prior to dismissal of his bankruptcy proceedings). Consequently, judicial estoppel is not required to prevent plaintiff from deriving an unfair advantage.

Defendant fails to show that equity requires judicially estopping plaintiff from pursuing her FDCPA claim. Indeed, dismissing plaintiff's claims would be inequitable. Accordingly, the court denies defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied. Defendant is directed to file an answer to plaintiff's complaint on or before September 3, 2015. The parties are directed to prepare and file a Joint Status Report using this court's form on or before September 8, 2015. In the status report, the parties should address whether the Chapter 13 trustee wishes to prosecute this case on behalf of the estate or abandon it. The August 27, 2015, status date is stricken. This case is set for status on September 15, 2015.

**ENTER:** August 12, 2015

_____
**Robert W. Gettleman**
**United States District Judge**